**FILED**

DEC - 2 2016

CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

CV 16-3045

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> PLAINTIFF, <br><br> -vs- <br><br> NACHTIGAL FARMS, INC., GARY NACHTIGAL, individually, AND BARBER & SONS CO., <br><br> DEFENDANTS. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Nationwide Agribusiness Insurance Company (hereinafter "Nationwide") for its Complaint for Declaratory Judgment under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, states:

**Parties, Jurisdiction and Venue**

1.     Plaintiff Nationwide is a corporation organized and existing under the laws of the state of Iowa with its principal place of business in Des Moines, Iowa.

2.     Upon information and belief, Defendant Nachtigal Farms, Inc. is a South Dakota corporation with its principal place of business in Harrold, South Dakota.

3.     Upon information and belief, Defendant Gary Nachtigal is a resident of the state of South Dakota, and resides at 520 Illinois Avenue, Platte, South Dakota.

4.     Upon information and belief, Barber & Sons Co., is a business organized under the laws of the state of Missouri with its principal place of business located at 11400 South 7 Highway, Lees Summit, Missouri.

5.     This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 2201-2202 because Plaintiff Nationwide seeks a declaratory judgment against the parties named above that is based upon the construction and interpretation of insurance contracts that are the subjects of an actual controversy between the parties.

6.     This Court has personal jurisdiction over Defendants Nachtigal Farms, Inc. and Gary Nachtigal because they are respectively a domestic corporation located within the state of South Dakota and an individual within the State of South Dakota, and this Court has personal jurisdiction over Defendant Barber & Sons Co. since by conducting business within the state of South Dakota, they have subjected themselves to personal jurisdiction in this court.

7.     Venue is proper in the District of South Dakota, Central Division, under 28 U.S.C. § 1391(b)(2).

## General Allegations

8.     Nationwide brings this action seeking the interpretation of insurance policies described below and a declaration of its rights and obligations thereunder with respect to the below described claim by Barber & Sons Co. against Nachtigal Farms, Inc. and Gary Nachtigal that Nachtigal Farms, Inc. and Gary Nachtigal have tendered to Nationwide for a defense.

9.     Nationwide has denied coverage for the Barber & Sons Co. claim and seeks a declaration that its policies issued to Nachtigal Farms, Inc. affords no coverage because *inter alia*, the underlying claim does not qualify as an "occurrence" or an "accident" under any of the applicable policies issued by Nationwide to named insured Nachtigal Farms, Inc.

10.    An actual jurisdictional controversy exists between Nationwide on one hand and Barber & Sons Co., Nachtigal Farms, Inc. and Gary Nachtigal on the other hand.   Litigation is necessary to resolve this controversy and will dispose of all issues between the parties under the Nationwide policies issued to named insured Nachtigal Farms, Inc.

11.    All necessary and proper parties are before the Court for this matter in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Nationwide policies arising from the claims by Barber & Sons Co. against Nachtigal Farms, Inc., and Gary Nachtigal.

12.    Nationwide has no adequate remedy at law.

### Factual Background

13.    In   the   underlying   arbitration   action,   Case   number 4:16-cv-00404-BP, Defendant Barber & Sons Co. is seeking damages for the alleged breach of an oral agreement to sell cattle to Defendants Nachtigal Farms, Inc. and Gary Nachtigal as well as the claimed misuse of Defendant Barber & Sons Co.'s truck and trailer.  See Exhibit 1, Barber & Sons Co.'s filed Complaint for Damages against Nachtigal Farms, Inc. and Gary Nachtigal.

14.    More specifically, Defendant Barber & Sons Co. asserted six counts against Defendants Nachtigal Farms, Inc. and Gary Nachtigal, with Counts I through V arising out of the alleged breach of an oral agreement to purchase cattle, purportedly entered into between Barber & Sons Co. and Nachtigal Farms, Inc. in September of 2007.

15.    Additionally, Defendant Barber & Sons Co. asserted its last count, Count VI, against Defendants Nachtigal Farms, Inc. and Gary Nachtigal for the alleged misuse of its truck and trailer, allegedly loaned to Nachtigal Farms, Inc. in 2005 although at all times allegedly titled to and insured by Defendant Barber & Sons Co.

**The Policies**

16.    Nationwide issued four (4) insurance policies to named insured Nachtigal Farms, Inc.

17.    Nationwide issued a Commercial General Liability policy (hereinafter "CGL"), with the earliest policy period beginning on February 1, 2013.  A true and correct copy of that insurance policy is attached hereto as Exhibit 2.

18.    Nationwide issued a Farm Liability policy (hereinafter "Farm Policy"), with the earliest policy period beginning on February 1, 2013.  A true and correct copy of that insurance policy is attached hereto as Exhibit 3.

19.    Nationwide issued a Farm Umbrella policy (hereinafter "Farm Umbrella"), with the earliest policy period beginning on February 1, 2013.  A true and correct copy of that insurance policy is attached hereto as Exhibit 4.

20.    Nationwide issued a Business Auto Insurance policy (hereinafter "Auto Policy"), with the earliest policy period beginning on February 1, 2013.  A true and correct copy of that insurance policy is attached hereto as Exhibit 5.

21.    Defendants Nachtigal Farms, Inc. and Gary Nachtigal are claiming that Nationwide has an obligation to defend them against Defendant Barber & Sons Co.'s claims.

22.    The Nationwide CGL policy, Farm Policy, and Farm Umbrella policy apply to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory of the policy.

23.    Further, an "occurrence" under the CGL policy, Farm Policy, and Farm Umbrella policy means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

24.    The insurance provided under the CGL policy, Farm Policy, and Farm Umbrella policy does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

25.   The insurance provided under the CGL policy, Farm Policy, and Farm Umbrella policy does not apply to contractual liability or any alleged "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

26.   The insurance provided under the CGL policy, Farm Policy, and Farm Umbrella policy does not apply to "property damage" to property the insured owns, rents, or occupies or any property loaned to the insured.

27.   The insurance provided under the CGL policy, Farm Policy, and Farm Umbrella policy does not apply to "property damage" arising out of a delay or failure by the insured or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

28.   Additionally, the Farm Liability policy does not apply to any "bodily injury" or "property damage" arising out of any profit or non-profit equine related business activities.

29.   Further, the Farm Umbrella policy does not apply to "bodily injury" or "property damage" arising out of the use of any "auto" within the United States of America.

30.   With respect to the Auto Policy issued to named insured Nachtigal Farms, Inc., the Auto Policy applies to damages because of "bodily injury" or "property damage" to which the insurance provided under the policy applies, caused by an "accident" and resulting from the ownership, maintenance and use of a covered "auto."

31.   Further, an "accident" under the Auto Policy includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

32.   The insurance provided under the Auto Policy does not apply to "bodily injury" or "property damage" which is expected or intended by the insured.

33.    The insurance provided under the Auto Policy does not apply to liability assumed under a contract or agreement.

34.    The insurance provided under the Auto Policy does not apply to "property damage" involving property owned or transported by the insured or in the insured's care, custody or control.

### The Barber & Sons Co. v. Nachtigal Farms, Inc., et al. Litigation

35.    Defendant Barber & Sons Co. has brought an action against Defendants Nachtigal Farms, Inc. and Gary Nachtigal in the United States District Court for the Western District of Missouri bearing case number 4:16-cv-00040-BP asserting counts for Breach of Contract (Count I), Quantum Meruit for the Cattle (Court II), Unjust Enrichment (Count III), Promissory Estoppel (Count IV), Fraud in the Inducement (Count V), and Quantum Meruit for the Truck and Trailer (Count VI).

36.    Although Plaintiff denies the validity to any of Defendant Barber & Sons Co.'s asserted claims against Defendant Nachtigal Farms, Inc. and Gary Nachtigal, Defendant Barber & Sons Co.'s claims as alleged in its filed Complaint arise out of the claimed breach of an oral agreement by Nachtigal Farms, Inc. to purchase a herd of cattle which Defendant Barber & Sons Co. alleged Nachtigal Farms, Inc. and Gary Nachtigal "knew they had no intention of paying for" as well as the purposed intentional misuse of a truck and trailer loaned by Defendant Barber & Sons Co. to Defendants Nachtigal Farms, Inc. and Gary Nachtigal.

37.    On June 23, 2016, Plaintiff Nationwide agreed to provide Defendants Nachtigal Farms, Inc. and Gary Nachtigal with a defense against Plaintiff Barber & Sons Co.'s lawsuit, however, the defense and handling of the same was provided under a full reservation of rights, subject to the terms,

conditions and exclusions contained in the Nationwide policies issued to named insured Nachtigal Farms, Inc.

38.   Additionally, and within its reservation of rights correspondence to Defendants Nachtigal Farms, Inc. and Gary Nachtigal, Plaintiff reserved the right to have this Court determine Nationwide's duties and obligations (if any) owed to Defendants Nachtigal Farms, Inc. and Gary Nachtigal pursuant to the Nationwide policies issued to named insured Nachtigal Farms, Inc.

### Grounds for Declaratory Relief

39.   The underlying lawsuit brought by Defendant Barber & Sons Co. against Defendants Nachtigal Farms, Inc. and Gary Nachtigal does not allege or otherwise assert any claims which qualify as an "occurrence" or an "accident" under any of the applicable policies issued by Nationwide to named insured Nachtigal Farms, Inc.

40.   As such, the Nationwide policies issued to named insured Nachtigal Farms, Inc., do not provide coverage nor do the underlying claims state a covered cause of action.

41.   Therefore, Nationwide is entitled to judgment in its favor holding and declaring that it has no obligations to defend or indemnify Defendants Nachtigal Farms, Inc. or Gary Nachtigal.

WHEREFORE, Plaintiff Nationwide Agribusiness Insurance Company requests that this Court enter judgment in its favor and against all Defendants and declare as follows:

(a)   the policies issued by Nationwide to named insured Nachtigal Farms, Inc. do not provide coverage for the underlying claims asserted against Nachtigal Farms, Inc. and Gary Nachtigal in the pending litigation, bearing case number 4:16-cv-00404-BP;

(b)   that Nationwide has no duty to defend or indemnify Nachtigal Farms, Inc. or Gary Nachtigal;

(c)     that Nationwide is entitled to its costs, including attorney's fees; and

(d)     that Nationwide is entitled to any further relief this Court deems just and proper under the circumstances.

Dated this _2nd_ day of December, 2016.

MAY, ADAM, GERDES & THOMPSON LLP

BY:_____

DOUGLAS A. ABRAHAM
Attorneys for Nationwide Agribusiness Ins. Co.
503 South Pierre Street
P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605)224-8803
Telefax: (605)224-6289
E-mail: daa@mayadam.net